### CROSSLEY ET AL. V. THE CITY OF FINDLAY, ET AL.

**1. LIMIT OF ASSESSMENTS ON ABUTTING PROPERTY.**

Except in cities of the first class, all assessments against abutting property, authorized to be made by a municipal corporation, to pay the cost and expense of a street improvement, are limited to twenty-five per cent. of the value of such abutting property.

**2. VALUE FIXED BY APPRAISEMENT EXISTING WHEN IMPROVING ORDINANCE IS PASSED.**

The value of such abutting property upon which the said twenty-five per cent. is to be ascertained and assessed, is the value, as fixed by the decennial appraisement for purposes of taxation, in force at the date of the passage of the ordinance ordering and providing for the improvement.

Appeal from the court of common pleas of Hancock county.

DAY, J.

The plaintiffs Powell Crossley and Mary Utz, who were owners of lots 1466, 1467, 2282, 2283, 2394, 2395, 2400 and 2401, in one of the outlying additions to the city of Findlay, Ohio, began their action in the common pleas court to enjoin the placing on the duplicate and collection, of an assessment made against said lots for the improvement of a portion of Main street of said city, by paving it with brick blocks; for the reason claimed in their petition, that the assessment was not made in accordance with the plain provisions of law, and was therefore illegal and void. A number of grounds, upon which the claim of illegality was founded, were stated in the petition as a basis for an injunction; and among them the ground that the amount assessed and apportioned to the lots, was largely in excess of the limit fixed by law, of twenty-five per centum of the value of the lots, as fixed for purposes of taxation. The action was commenced in May, 1893; the petition being filed May 29, 1893. Under various decisions of the supreme court covering the questions, and deciding them, one by one the grounds upon which plaintiffs predicated their right to an injunction were disposed of and dropped out, until only the one remains; namely: The amount assessed against and apportioned to these lots is in excess of the lawful limit of twenty-five per cent of the valuation thereof, as ascertained and fixed for taxation purposes. This claim is denied by the city authorities, by an answer filed; and this assertion and denial forms the single issue to be tried and decided by this court; and, in the form in which the matter is presented and substantially agreed upon, this is not a question of fact, but rather a question of law arising on the undisputed facts. There is no dispute as to the facts. The material and controlling facts are agreed upon, and are:

On March 30, 1890, the council of the city, upon recommendation of the board of improvements duly passed a resolution declaring it necessary to improve Main street, from the C. H. & D. railroad north to the north line of Frazier street, by grading and paving the same with fire-clay brick; the cost and expense to be assessed upon the lots and lands abutting upon said Main street between the points mentioned, according to law. The lots in question abut on said street.

On April 14, 1890, the council duly passed an ordinance, ordering and providing for the improvement of Main street, between said termini, in the

manner set forth in the resolution to improve, and providing, "That the cost
and expense of the improvement be assessed upon the lots and lands bound-
ing and abutting upon said street, between said points, by the foot front ac-
cording to law, as hereafter to be provided by proper assessment ordinance.".
The improvement was made without delay, and the council to provide for the
payment of the cost and expense thereof, on February 2, 1891, passed an or-
dinance apportioning the said cost and expense, and assessing the same
against the abutting lots by the foot front, and upon each foot front. The
aggregate valuation for taxation, of all the lots, on April 14, 1890, the day
the improvement ordinance was passed, was $1,290. This valuation was the
decennial appraisement of 1880, and was the valuation upon which taxes and
assessments payable in December, 1890, and June, 1891, was levied and
assessed. The aggregate valuation of the said lots, on February 2, 1891, the
day the apportionment and assessment ordinance was passed, was $9,720—and
was the decennial appraisement, made and returned in July, 1890, for the de-
cade following 1890. The valuation of $1,290.00 was the decennial appraise-
ment for the decade following 1880. Section 2270, Rev. Stat., provides a
limitation on the amount that may be assessed against lands and lots for any
purpose of improvement as follows:

"The tax or assessment specially levied and assessed on any lot or land, for
any improvement, shall in no case, except as provided in section 2272, amount
to more than twenty-five per centum of the value of the property as assessed
for taxation;" and providing the excess of cost above twenty-five per centum,
shall be paid by the corporation out of its general revenue. The exception as
provided in sec. 2272 is as to cities of the first class, and does not apply to
Findlay. If the valuation existing at the date the ordinance ordering and
providing for the improvement was passed, is to obtain, the assessment is
largely more than twenty-five per centum of the valuation; while by the
valuation at the time of the assessment ordinance, in February, 1891, there
would be no excess in the amount assessed; so the important question is,
which valuation is to be regarded?. By which one are the rights and liabilities
of the parties to be ascertained?

Upon the enactment of a valid ordinance to improve a street, which is
subsequently carried into effect by the construction of the improvement, the
abutting lots and lands benefitted become liable for the reasonable cost and ex-
pense of its construction, within the limitations prescribed by the statute; and
the rights of the owners of such abutting property is also fixed and established.
The same facts and conditions that fix and establish the liability of the
property, should, and we think does fix and define the rights of the unfortunate
owner. Both arise out of, and are defined and determined by, the same facts.
It cannot be that the liability of the owner is fixed and defined by one con-
dition of facts, and his rights in the premises by another and different con-
dition, arising subsequently. In Cincinnati v. Seasongood, 46 Ohio St., 296, the
supreme court treats and speaks of the rights and liabilities of the owner of
abutting property with respect to assessments for street improvements, as the
same, as concurrent and equal in every respect, and arising out of and resting
on the same condition of facts. One of the most valuable rights belonging to
the owner of abutting property—vested in him, may be, as a protection against
incompetence or worse—is the right to have assessments limited to twenty-
five per centum of the value of his property as fixed by law for purposes of
taxation. The lot owner may well be presumed to be aware of his rights in
the matter, and to have considered and estimated the probable cost and ex-
pense of the improvement to him, before petitioning for, or consenting to the
improvement; and the estimate of cost would most certainly be made on the
basis of the valuation existing and in force at the time it is made. Acting
on this theory, does it do violence to assume that the necessary number of
petitioners, to warrant the council in ordering the improvement, were secured

·on the just expectation and belief that the valuation in force at the time, was the lawful one, by which their rights and liabilities would be governed; and would it not operate as a wrong, and not permissible, to make the assessment and apportionment of the cost and expense on a valuation subsequently made, and clearly not contemplated by the petitioners for the improvement, or any one interested in it?

While the precise question we have here has not, in terms, been decided by the supreme court, yet we think, in the case of *Cincinnati* v. *Seasongood, supra,* the question is substantially settled. · The syllabus of that case is as follows: "A municipal corporation having, through its proper boards and officers, passed a resolution and ordinance to improve a street, in its assessment of the cost and expense of the improvement upon the abutting property, it should be governed by the law in force at the time of the passage of the improvement ordinance, with respect to the manner of assessment and the rights and liabilities of the owners of abutting property." Here is held the principle, that the facts and conditions existing at the time the improvement ordinance is passed, governs with respect to the rights and liabilities of the owners of abutting property in the assessment to be made to cover the cost and expense of con-·structing the improvement. In this case, as we have seen, a material fact existing at the date of the passage of the ordinance to improve Main street from the C. H. & D. railroad north to Frazier street, was the valuation of plaintiff's property of $1,290—made for the decade following 1880, and we conclude that is the valuation—the fact, by which the rights and liabilities of the plaintiffs are to be ascertained.

We find for the plaintiffs, the assessment to the extent it is in excess of twenty-five per centum of the valuation of $1,290—is illegal and void, and as to such excess the injunction is made perpetual. As to the amount, not in excess of twenty-five per cent of $1,290, the injunction is dissolved. The defendant, the city of Findlay, is ordered to pay the costs. Execution is awarded for costs, and cause remanded for execution.

*S. E. Hurin* and *F. C. Ampt,* for Plaintiffs.

*W. F. Duncan,* for the City of Findlay.